IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CINDY K. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-0382-SSA-CV-W-MJW |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Cindy K. Thompson seeks judicial review[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g) provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II.

The parties' briefs are fully submitted, and an oral argument was held on June 10, 2015. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Upon review, this Court finds that the administrative record is not sufficiently developed to make a determination as to plaintiff's disability. Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis). The Administrative Law Judge (ALJ) ultimately found that the plaintiff's past work as an accountant was not precluded by her residual functional capacity (RFC), and therefore she is not disabled. The plaintiff's main argument on appeal is that the ALJ's RFC determination is not supported by substantial evidence of record. Specifically, the plaintiff contends that the case should be remanded because the ALJ did not give good reasons for rejecting significant portions of the plaintiff's primary treating physician, Dr. McGovney. The Court agrees with the plaintiff that the record as a whole does not support the ALJ's decision.

Here, the ALJ failed to provide sufficient rationale for disregarding the opinion of the plaintiff's treating physician. See Reed v. Barnhart, 339 F.3d 917, 920-21 (2005) ("We have upheld an ALJ's decision to discount or even disregard the opinion of a treating physician where other medical assessments 'are supported by better or more thorough medical evidence,' or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." quoting Prosch v. Apfel, 201 F.3d 1010, 1013 (8th Cir. 2000)). The Court finds that remand for further development of the record in this case is appropriate. The Commissioner is directed to order a consultative examination of the plaintiff to assess her functional limitations.

2

With the results from the consultative exam, the ALJ should again evaluate whether the plaintiff is disabled as defined by the Social Security Act.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case is remanded pursuant to Sentence 4 for further consideration and development of the record as set forth herein.

Dated this 15th day of June, 2015, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge